## Moore *v.* Baylis.

*(Supreme Court, General Term, Second Department.* May 12, 1890.)

*1.* Trespass—Damages—Goods Taken.

In an action for trespass in wrongfully entering on plaintiff's premises for the purpose of carrying away personal property belonging to plaintiff's intestate, the value of plaintiff's property carried away by defendant may be included in the damages.

2. Evidence—Opinion—Value of Property.

Any person knowing the value of personal property may testify to his opinion as to its value.

Appeal from circuit court, Queens county.

Action for trespass by Elizabeth A. Moore against John Baylis. There was a verdict for plaintiff for $450. From the judgment entered thereon, defendant appeals.

Argued before Barnard, P. J., and Dykman and Pratt, JJ.

*B. W. Downing,* for appellant. *William R. De Puy,* for respondent.

Dykman, J. The appeal in this case is destitute of merit. The defendant made a wrongful entry upon the premises of the plaintiff for the purpose of taking some articles of personal property which he claimed belonged to his intestate. Such unjustifiable entry was sufficient to sustain the action, and, as the plaintiff claimed that some of the articles carried away by the defendant belonged to her, it was left to the jury to find whether the claim was well founded; and, if such was the finding, then the jury was permitted to enhance the damages by including the value of such property so wrongfully appropriated in the verdict to be rendered. The jury rendered a verdict in favor of the plaintiff, and the amount of the verdict indicates that the plaintiff was allowed something for personal property taken in addition to the damages for the wrongful entry. The evidence justifies such a verdict, and the charge was without fault.

The objection to the testimony of witnesses respecting the value of the articles taken was not well founded. Any person who knows the value of personal property may give an opinion on the subject. The judgment and order denying the motion for a new trial should be affirmed, with costs. All concur.